UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

CARL CROOM,                        )
                                   )
           Petitioner,             )
                                   )
v.                                 )    No. 1:10-cv-395-SEB-DML
                                   )
THOMAS D. HANLON,                  )
                                   )
           Respondent.             )

**Entry Discussing Petition for Writ of Habeas Corpus**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition.

In a prison disciplinary proceeding, Carl Croom was found to have violated prison rules of conduct based on his unauthorized absence from work. He now challenges the validity of that proceeding and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a). He is entitled to such a writ if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* The disciplinary proceeding Croom challenges, however, will not support the relief he seeks because the sanctions imposed consisted only of a written reprimand and "being held at a higher level prison." A sanction of this nature does not constitute "custody" which can be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When no recognized liberty or property interest has been taken, which is the case here, the confining authority "is free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Because Croom's habeas petition shows on its face that he is not entitled to the relief he seeks, the petition is summarily dismissed pursuant to Rule 4. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/08/2010

*[signature: Sarah Evans Barker]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana